

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
SEP 8 2004
Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,  Plaintiff,  v.  KEVIN A. HOWARD, MICHAEL W. KRAUTZ, KEVIN P. HANNON, JOSEPH HIRKO, KENNETH D. RICE, REX T. SHELBY, SCOTT YEAGER  Defendants. | Civil Action No. H-03-0905 (Harmon)  **FINAL JUDGMENT AGAINST KEVIN P. HANNON** |

Plaintiff Securities and Exchange Commission ("SEC"), having filed a First Amended Complaint in this action; and the Defendant Kevin P. Hannon having acknowledged service of process; having entered a general appearance; having consented to venue of this action; having admitted jurisdiction of this Court over him and over the subject matter of this action; having withdrawn his pleadings in this action; having been fully advised and informed of his right to a judicial determination of this action; having waived the filing of an answer and the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having waived any right he may have to appeal from the entry of this Final Judgment; having consented to the entry of this Final Judgment without admitting or denying any of the allegations in the First Amended Complaint, except as specifically set forth in the Consent and Undertaking of Kevin P. Hannon ("Consent"); it appearing that no notice of hearing upon entry of this Final Judgment being necessary; and the Court being fully advised in the premises;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Kevin P. Hannon, his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, directly or indirectly, by, through the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

- A. employing any device, scheme, or artifice to defraud;
- B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Mr. Hannon is prohibited permanently from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Hannon shall pay or cause to be paid disgorgement and a civil penalty in the amounts and in the manner specified in Sections IV and V below.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within thirty (30) days of the entry of this Final Judgment, Mr. Hannon shall pay or cause to be paid by wire transfer or check(s) in the amount of one million, one hundred dollars ($100 as disgorgement and $1 million as a civil penalty) payable to "Clerk, United States District Court, Southern District of Texas" and delivered to the Clerk of the Court, United States District Court, Southern District of Texas, 515 Rusk Avenue, Houston, Texas 77002, representing full payment of the civil penalty and partial payment of the disgorgement described in Section III of this Final Judgment. The check(s) shall bear on its face the caption "Securities and Exchange Commission v. Kevin P. Hannon," and be transmitted to the Clerk under cover of a letter that identifies Kevin P. Hannon, the caption and case number of this action, and the name of this Court. Copies of the cover letter and payment shall be sent to Luis R. Mejia, Assistant Chief Litigation Counsel, 450 Fifth Street, N.W., Washington, D.C. 20549-0911.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in addition to the payment set forth in Section IV, and as part of his Cooperation Agreement in the parallel federal criminal action captioned United States v. Kenneth D. Rice, Cr. No. 03-93-04, Mr. Hannon will not contest the forfeiture of, and will surrender all claims he may have to, $2.2 million in assets which represent assets or substitute assets for criminally derived property, and which shall constitute

additional disgorgement.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk of this Court, or the Financial Deputy Clerk, is hereby directed to deposit the wired proceeds or check specified in Section IV of this Final Judgment into an interest bearing account for this case with the Court Registry Investment System (the "C.R.I.S. account"). In accordance with the guidelines set by the Director of the Administrative Office of the United States Court, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on the funds deposited a fee, not exceeding that authorized by the Judicial Conference of the United States, equal to ten (10) percent of the income earned on these funds. Funds in the C.R.I.S. account shall be held until further order of this Court, and shall thereafter be distributed to victims pursuant to a plan for disposition of disgorgement funds, to be filed by the SEC with the Court. Mr. Hannon shall not be entitled to service of the plan proposed by the SEC, and shall not have the right to be heard with respect to the Court's consideration of such plan. In no event shall any of the funds paid into the Registry of the Court revert, directly or indirectly, to Mr. Hannon, his heirs, successors, or assigns. The Commission may by motion propose a plan to distribute the funds subject to the Court's approval. Such a plan may provide that the funds shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Mr. Hannon agrees that he shall not, after offset or reduction in any Related Investor Action based on his payment of disgorgement in this action, further benefit by offset or reduction of any part of his payment of a civil penalty in this action

("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Mr. Hannon agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Mr. Hannon by or on behalf of one or more investors based on substantially the same facts as alleged in the First Amended Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, the payments in the amounts and in the manner specified in Sections IV and V represent the entirety of his monetary obligations with respect to this proceeding and any Commission matter against him arising from the SEC's investigation entitled In the Matter of Enron Corp..

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of the Consent are incorporated herein with the same force and effect as if fully set forth herein and that Mr. Hannon shall comply with his Consent.

## IX.

IT IS FURTHER ORDERED, that this Court shall retain jurisdiction over this action for the purpose of enforcing this Final Judgment.

X.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter this Final Judgment forthwith and without further notice.

DATED: September 7, 2004

_____
UNITED STATES DISTRICT JUDGE

