UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> KEVIN A. HOWARD, et al., </br></br> Defendants. | Civil Action No. H-03-0905 </br></br> Judge Harmon |

### FINAL JUDGMENT AS TO DEFENDANT REX T. SHELBY

The Securities and Exchange Commission (the "Commission" or "SEC") having filed a Complaint and Defendant Rex T. Shelby ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over Defendant and over the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $1,000,000.00 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $1,000,000 within ten business days to the custody of the Distribution Agent, RCB Fund Services LLC, to be added to the Enron SEC Fair Fund established by this Court and administered under the case captioned *SEC v. JP Morgan Chase & Co.*, case number 03-cv-02877. Payment shall be made by wire

transfer for deposit into the Enron SEC Fair Fund Escrow Account maintained at the Huntington National Bank. The wire transfer instructions are provided below.

### Wire Transfer Instructions

| Account Name | SEC v Enron Distribution Fund | Account Number | [to be provided by Commission counsel to Defendant's counsel] |
|---|---|---|---|
| Bank Name | THE HUNTINGTON NATIONAL BANK | Routing Number | 044000024 |
| Bank Address | 41 South High Street Columbus, OH 43287 | Special Instructions | **Call Melissa Villain with questions (212) 581-5053** |

Defendant's payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Rex T. Shelby as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not argue that he is entitled to, nor shall he further benefit by, offset or reduction of any award of compensatory damages in any Related Investor Action by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty

Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: January 4, 2013

_____
UNITED STATES DISTRICT JUDGE